H. FRED WILEY, PLAINTIFF IN ERROR, V. J. B. NEAL, DEFENDANT IN ERROR.

Jurisdiction of Supreme Court. By section 584 of the civil code it is provided, in substance, that a judgment or final order of the district court may be reviewed by the supreme court upon petition in error, and upon the filing of which a summons shall issue and be served, as in the commencement of an action. In the absence of the issuance and service of summons in error, or a general appearance by a defendant in error, no jurisdiction can be acquired by the supreme court.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Ira D. Marston,* for plaintiff in error.

No appearance for defendant in error.

REESE, CH. J.

This action was instituted in the district court of Buffalo county, and was upon a promissory note, executed by

defendant in error.   The petition was filed, and with it a copy of the note.  The note contains a provision authorizing any attorney of any court of record, in any state or territory of the United States, to appear for the maker, in any court, in term time or vacation, at any time after the date of the note, waive the issuance and service of process and confess judgment in favor of the holder and against the maker for the amount of the note and interest.   A cognovit, or confession of judgment, was also filed by an attorney of record of the district court, by which the allegations of the petition were admitted and a confession or judgment made.  No summons was ever issued, and no appearance was made by the maker of the note.   It was claimed that, under section 436 of the civil code, the attorney appearing in the name of defendant, under the warrant of attorney contained in the note, had the right to confess judgment without service of process upon defendant, or other appearance by him.   The district court refused to render the judgment, and found that the attorney appearing for the defendant and filing the cognovit "was not authorized to confess judgment upon the note sued on herein.   That no summons was issued and served upon the defendant, and no appearance made by said defendant, and by reason thereof the court is without jurisdiction of this cause, and the same should be dismissed."  The action was accordingly dismissed.   Plaintiff brings the cause into this court for review by petition in error.   No summons in error has been issued from this court, and no appearance has been entered by defendant in error.   The cause was argued and submitted upon brief by plaintiff in error, ex parte.

Sec. 584 of the civil code provides that, a summons in error shall issue and be served as in the commencement of an action.  The only exception to the ordinary rule of service being that service on the attorney of record in the original case shall be sufficient.  By the decision of the

district court, no attorney of record could lawfully appear for defendant, and for this reason, we presume, no summons has been issued or served. This court is then without jurisdiction, and can render no judgment or order which would affect the rights of defendant in error.

The proceeding in error is therefore dismissed for want of jurisdiction.

JUDGMENT ACCORDINGLY.

THE other judges concur.